FILED

2010 Jul-19  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **2:08-cr-083-RDP-RRA** |
| | ) | |
| DESHAWN NATHANIEL GRANT | ) | |

## MEMORANDUM OF DECISION

On April 19, 2010, Defendant, acting *pro se*, filed a motion (Doc. # 42) requesting that this court grant him relief from the sentence this court imposed on April 16, 2009.  Specifically, Defendant requested the following: (1) that the court modify, set aside, and order the federal sentence to run concurrently with the State of Alabama sentence he is presently serving;[1] (2) that this court grant him credit for time he spent in jail dating from the time of his arrest; and (3) that this court order that he be transferred to a federal institution to serve his federal and state sentences.[2]  For the reasons which follow, the court finds that each of Defendant's requests should be denied.  The court concludes, however, that Defendant may seek relief through the Bureau of Prisons' administrative procedures which will be more fully described below.[3]

---

[1]Defendant is currently serving state sentences at the Alabama Department of Corrections' Ventress Correctional Facility in Clayton, Alabama.

[2]Defendant also requested that he be provided with documents regarding his sentence.  At the direction of the court, the Probation Office has mailed a copy of the Judgment and Commitment Order to Defendant.

[3]Bureau of Prisons' Program Statement 5160.05 sets forth the procedure on which Defendant should rely to seek this relief.

The pertinent chronological history of this case is as follows:

06-26-2007      Defendant committed instant offense;

07-01-2007      Defendant released on bond;

10-24-2007      Defendant arrested for failure to appear in related cases in Jefferson County CC # 07-1342 (Murder), 07-1343 (Attempted Murder), 07-1344 (Discharging Firearm into Occupied Building);

05-2008      Defendant indicted in the instant case for being a felon in possession of a firearm;

03-13-2008      Defendant borrowed on Writ from State of Alabama custody;

04-16-2009      Defendant sentenced in instant case to a term of 87 months and returned to State custody;

11-23-2009      Defendant pled guilty and was sentenced in Jefferson County CC-07-1342 to 18 years and in 07-1343 to 15 years.  The sentences were imposed to run concurrently with each other and consecutive to the previously-imposed federal sentence.[4]

04-20-2010      Defendant's motion for reconsideration of his sentence, *i.e.*, that the sentence be run concurrently with his federal sentence, filed in Jefferson County Circuit Court was denied.

## AUTHORITY TO AMEND THE JUDGMENT

As the Eleventh Circuit has indicated in cases such as *United States v. Greenwood*, 322 Fed. Appx. 693, 2009 WL 839115 (11th Cir. 2009) (citing *United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir. 2002)), a district court does not have the authority to modify a sentence, except to the

---

[4]The charge was reduced to Manslaughter in #07-1342 and to Attempted Assault in 07-1343. Case # 07-1344 was *nolle prossed*.  The court directed that the defendant receive 369 days of jail credit in case # 07-1343 and 367 days of credit in case # 07-1342.

extent provided by the federal statutory provisions which control sentencing and the Federal Rules of Criminal Procedure, namely Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582.

The provisions of Rule 35 are as follows:

**Rule 35. Correcting or Reducing a Sentence**

(a)     **Correcting Clear Error.** Within 14[5] days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

(b)     **Reducing a Sentence for Substantial Assistance.**
**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
     **(A)** information not known to the defendant until one year or more after sentencing;
     **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
     **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
**(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
**(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

(c)     **"Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence.

_____

[5] An amendment to Fed.R.Crim.P. 35 became effective on December 1, 2009, changing the period of time in which a court may correct error pursuant to this rule from seven days to fourteen. Because the amendment became effective on December 1, 2009, it does not apply in the instant case.

There are no facts pertaining to Defendant which would trigger the application of these provisions. First, more than fourteen days have passed since the court pronounced sentence. Therefore, subsection (a) does not apply. Additionally, Defendant does not argue that the "sentence resulted from arithmetical, technical, or other clear error." Secondly, it is the government, not a defendant, who must bring a motion pursuant to Rule 35. Therefore, subsection (b) does not apply.

The provisions of 18 U.S.C. § 3582 are as follows:

### § 3582. Imposition of a sentence of imprisonment

**(a) Factors to be considered in imposing a term of imprisonment.**--The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

**(b) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be–

(1) modified pursuant to the provisions of subsection (c);

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case–

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

(i) extraordinary and compelling reasons warrant such a reduction; or

4

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under  section 3142(g);and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**(d) Inclusion of an order to limit criminal association of organized crime and drug offenders.**--The court, in imposing a sentence to a term of imprisonment upon a defendant convicted of a felony set forth in chapter 95 (racketeering) or 96 (racketeer influenced and corrupt organizations) of this title or in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 801 et seq.), or at any time thereafter upon motion by the Director of the Bureau of Prisons or a United States attorney, may include as a part of the sentence an order that requires that the defendant not associate or communicate with a specified person, other than his attorney, upon a showing of probable cause to believe that association or communication with such person is for the purpose of enabling the defendant to control, manage, direct, finance, or otherwise participate in an illegal enterprise.

None of the provisions found at § 3582 are triggered by Defendant's request to this court that his sentence be modified or amended to run concurrently with the state sentences he is now serving, or to his request that he be transferred to a federal facility.  Section (a) clearly applies only at the initial sentencing hearing of a defendant.  Section (b) sets out the statutory parameters for the finality of a sentence of imprisonment, and the court lacks the authority to amend Defendant's sentence

5

pursuant to that section in the instant case.  Section (c) sets forth the conditions under which a

sentence can be changed or modified, none of which apply to Defendant.

Therefore, the court concludes that it lacks jurisdiction to modify, correct, or otherwise

change the sentence originally imposed.  *See United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir.

2002).

### CREDIT FOR TIME TOWARDS FEDERAL SENTENCE

Pursuant to 18 U.S.C. § 3585(b), a defendant generally may not receive credit for prior

custody toward the service of a federal sentence for time credited against another sentence, *e.g.*, the

State of Alabama convictions in Jefferson County.  Section 3585 provides, in part, as follows:

> **(b) Credit for prior custody**.– A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in official detention prior to the
> date the sentences commences –
> ... **that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added).

As indicated above, the state court ordered that Defendant receive 369 days of credit towards

the state court sentence in CC-07-1343 and 367 days of credit in #07-1342 .  Since Defendant did

receive such credit for the state sentences dating from the time of his arrest in October 2007, he is

statutorily barred from receiving additional credit towards his federal sentence.

In addition to the statutory bar to Defendant's receiving credit for the time dating from his

arrest toward the federal sentence, there is a second obstacle with respect to the instant motion.  It

is the Department of Justice, specifically the Attorney General, which has discretion to determine

credit for a defendant's time in custody prior to imposition of a Sentence.[6]  That discretion has been

---

[6]*United States v. Condon*, 2010 WL 1427591 (11th Cir. 2010) (citing *United States v. Herrera*, 931 F.2d 761 (11th Cir. 1991)).

delegated to the Bureau of Prisons.  Until an inmate has exhausted all of the administrative remedies available through the regulations established by the Bureau of Prisons, a district court does not have jurisdiction to consider granting the relief sought by an inmate.

## OTHER CONSIDERATIONS

If Defendant had been sentenced in the Jefferson County cases prior to being sentenced in the instant case, the court would have been directed to consider U.S.S.G. § 5G1.3, *Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*, which provides in part as follows:

> (b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of [U.S.S.G. §1B.1.3(a)], the sentence for the instant offense shall be imposed as follows:
> ...
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

The presentence report disclosed on April 9, 2009, clearly states that the instant offense, Felon in Possession of a Firearm, was related to the charges made the subject of CC-07-1342 and 07-1343.[7]  Furthermore, Defendant's offense level was based on this conduct pursuant to the cross reference at U.S.S.G. § 2K.2.1(c)(1)(A) at paragraph 16 of the presentence report.  Thus, had Defendant already been sentenced on the state charges, the court would have applied U.S.S.G. § 5G1.3(b) and

---

[7]As stated, Defendant was convicted of Manslaughter and Attempted Assault First Degree and was sentenced to terms of 18 years and 15 years, respectively, to run concurrently with one another but consecutively to the sentence in the instant case.  The offense occurred on June 26, 2007. The charges made the basis of the instant conviction arose from the same conduct.

would at least have considered the propriety of running the instant sentence concurrently with his state sentences.[8]

The Bureau of Prisons provides inmates an avenue of relief in situations such as these through its administrative process, Program Statement 5160.05, commonly called a "Barden petition."[9]  The Bureau of Prisons routinely seeks the recommendation of the sentencing court as part of that process.  If a defendant pursues such relief through this Bureau of Prisons' program, this court will render an appropriate recommendation at that time.

## REQUEST FOR TRANSFER TO A FEDERAL FACILITY

There has been no argument that the state did not have primary jurisdiction of this defendant at the time that he was borrowed on the writ *ad prosequendum* to face charges in this court.  Thus, the state has retained its jurisdiction throughout the process which began on the date Defendant was

---

[8]That section provides in part as follows: "(b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction ... , the sentence for the instant offense shall be imposed as follows: ... (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." However, the court finds itself in the unusual situation of considering a state sentence imposed to run consecutively to the federal sentence.  Although U.S.S.G. § 5G1.3 states that the court "shall" impose the federal sentence to run concurrently with the undischarged term of imprisonment, since the Sentencing Guidelines are now advisory, the court would have at least considered the issue of the consecutive state sentence if the state sentences had already been imposed.  Apparently, the state court considered the offenses egregious enough to attempt to have the state sentences and the previously-imposed federal sentence run consecutively.

[9]Essentially, the Program allows the Bureau of Prisons to make a *nunc pro tunc* designation of the state prison as the place of service for the federal sentence, in effect allowing the federal sentence to run concurrently with the state sentences while the defendant serves the state sentences in the state facility.  Once the state sentence is served completely and the defendant is released either by parole or at the end of his sentence, he is transferred to the Bureau of Prisons where a final resolution of time remaining to be served is made.

8

arrested.  *See Causey v. Civiletti*, 621 F.2d 691 (5th Cir. 1980).[10]  Furthermore, it is the Bureau of Prisons which has statutory authority to make decisions regarding an inmate's place of imprisonment once he is in federal custody, or by way of a *nunc pro tunc* designation if the designation is made prior to that time pursuant to 18 U.S.C. § 3621.  Therefore, this court has no authority to remove Defendant from the custody of state authorities.

## BUREAU OF PRISONS' AUTHORITY

As noted above, however, the Bureau of Prisons has regulatory authority to pursue a *nunc pro tunc* designation for an inmate.  *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991).  Although it is the opinion of this court that it does not have the authority to grant Defendant's motion to amend his sentence or to transfer him to a federal facility, this should not be interpreted as reflecting an opinion about the Bureau of Prisons' authority, pursuant to its Policy Statement 5160.05, to consider a request from Defendant for *nunc pro tunc* designation.

## CONCLUSION

It is the finding of this court that Defendant's Motion requesting that this court grant him relief from the sentence this court imposed on April 16, 2009 is due to be denied.  Defendant may seek relief through the Bureau of Prisons' administrative procedures.  A separate order in accordance with this Memorandum of Decision will be entered.

---

[10]In *Causey*, the former Fifth Circuit said: "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings....  A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction....  The state court has not lost its right to prosecute, convict, and sentence the defendant." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

**DONE** and **ORDERED** this ____19th____ day of July, 2010.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE